Cathreen Ann CONNELL,
Plaintiff—Appellant,

v.

MULTNOMAH COUNTY; Elyse Clawson, Defendants—Appellees.

No. 03–35206.
D.C. No. CV–01–01726–HA.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 12, 2004.

Decided July 15, 2004.

Craig A. Crispin, Esq., Patty T. Rissberger, Esq., Crispin & Associates, Portland, OR, for Plaintiff–Appellant.

Agnes Sowle, Esq., Jenny M. Morf, Office of Multnomah County Attorneys, Portland, OR, for Defendants–Appellees.

Before GOODWIN, W. FLETCHER, and TALLMAN, Circuit Judges.

## MEMORANDUM *

Cathreen Connell brought this action pursuant to 42 U.S.C. § 1983 and state law against her employer, the Department of Adult and Community Justice ("Department") of Multnomah County, and the head of the Department, Elyse Clawson. Connell alleged that defendants violated her due process rights when Clawson terminated her employment, and that defendants retaliated against her in violation of the First Amendment for speaking out against discriminatory hiring and promotional practices and for making complaints of gender discrimination. The district court granted summary judgment to defendants, and Connell appeals. Upon de novo review, we affirm.

Prior to her termination, according to Connell, one of her subordinates, Tom Grinnell, had verbally abused her to such an extent that she feared he might physically attack her. At about the same time, Grinnell had filed an administrative complaint against the Department on the grounds of gender discrimination. Clawson, as head of the Department, decided to settle Grinnell's complaint. As part of the settlement, Grinnell and Connell were to both sign an "Agreement of Cooperation" ("Agreement") that provided that the two would "set aside any disputes and disagreements they may have experienced in the past" and work together as professionals. The Agreement was appended to the settlement agreement between Grinnell and the Department as Exhibit 1. Grinnell signed the Agreement but, despite being ordered to do so by her superiors, Connell refused to sign. She was then terminated by Clawson for insubordination. Connell pursued state administrative remedies, and the Department was eventually ordered by the Multnomah County Merit System Council to re-hire her as soon as she signed the Agreement. She signed the Agreement and was accordingly reinstated. She asked the Department to pay her back wages and benefits for the time between her discharge and reinstatement, but it refused to pay. She then brought this action.

We agree with the district court that there is no genuine issue as to the fact that Connell was on notice that she would be terminated if she refused to sign the Agreement because such refusal would constitute insubordination. There is nothing in the record to support Connell's claim that Clawson was biased against her, that the County rule providing that insubordination is cause for discharge was unconstitutional, or that Connell's termination was arbitrary or capricious. Defendants therefore did not violate due process by discharging her.

There is nothing in the record to support Connell's claim that Clawson discharged her for anything that she said. Summary judgment was therefore appropriate on Connell's First Amendment claims. Connell did not include any equal protection claims in her complaint, so the district court did not err in failing to address any equal protection issues.

---

Because Connell has failed to demonstrate a constitutional violations, we need not decide whether Clawson held "final policymaking authority" under *Monell v. Department of Social Services of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), and its progeny. For the same reason, the district court properly granted summary judgment on the state-law tort of "wrongful discharge."

AFFIRMED

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.